74 F.3d 1240
 151 L.R.R.M. (BNA) 2608
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LOCAL 174, INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE
AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA
(UAW), Petitioner-Appellant,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent-Appellee.
 No. 94-5738.
 United States Court of Appeals, Sixth Circuit.
 Jan. 12, 1996.
 
 Before: KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner UAW Local 174 ("the Union") seeks review of the National Labor Relations Board's ("the Board" or "the NLRB") denial of its Motion to Reopen the Record. For the reasons stated below, we AFFIRM the Board's Order.
 
 I.
 
 2
 In 1984, the Board prosecuted R.L. Polk & Company for alleged unfair labor practices pursuant to charges filed by the Union. In the course of this prosecution, the Board issued a subpoena ("the 1984 subpoena") to Polk's labor relations manager, Richard E. Allen, requesting the production of documents. Allen produced documents in response to this subpoena, which were contained in "the tenth box." Following a hearing, the Board found that there were no violations of the National Labor Relations Act and dismissed the complaint.
 
 
 3
 The case was closed until Allen discovered that Polk was preparing to discharge him. Prior to his discharge, Allen made internal allegations that Polk had violated the 1984 subpoena by voluntarily withholding memoranda damaging to the company's position in the 1984 prosecution. Allen proposed a severance agreement in which he would leave Polk and refrain from instituting any cause of action against the company concerning the allegedly concealed memoranda in exchange for Polk's agreement, inter alia, to provide him with a monthly pension of $10,640.00. When Polk rejected his proposed agreement, Allen's attorney mailed the Union and the NLRB's regional office copies of the memoranda.[1] Shortly thereafter, the Union and NLRB General Counsel filed a motion to reopen the 1984 case. The Board required an evidentiary hearing on the issue of whether Polk failed to comply with the 1984 subpoena. Following the 1992 hearing, the Board concluded that General Counsel failed to satisfy its burden of proving a violation of the subpoena. This appeal followed.
 
 II.
 
 4
 "Our principal task is to canvass the entire record and determine, in light of the record as a whole, whether the Board's decision is supported by substantial evidence." NLRB v. Windemuller Electric, Inc., 34 F.3d 384 (6th Cir.1994). The Board's findings will be upheld if they are "justified by a fair estimate of the worth of the testimony of witnesses...." Universal Camera Corp. v. NLRB, 340 U.S. 474, 490 (1951).
 
 
 5
 The Union challenges the Board's finding as lacking support by substantial evidence. We disagree. An examination of the record reveals that the Union wholly failed to satisfy its burden of proof before the Board. Evidence at the 1992 hearing showed that, in 1984, the tenth box was never inspected and that Allen was never questioned about its contents. The only evidence that the Union offered in 1992 to support its contention was the testimony of Allen, an admittedly disgruntled ex-employee who had sought an extortionate settlement in exchange for keeping quiet about his tardy pangs of conscience. Allen's testimony was rebutted by that of other witnesses whom the Board deemed credible. As a result, the Board refused to conclude that the subpoenaed documents had not been produced.
 
 
 6
 As we have explained, "[d]eference to the Board's factual findings is particularly appropriate where the 'record is fraught with conflicting testimony and essential credibility determinations have been made.' " Tony Scott Trucking v. N.L.R.B., 821 F.2d 312, 315 (6th Cir.1987) (citing N.L.R.B. v. Nueva Engineering, Inc., 761 F.2d 961, 965 (4th Cir.1985), cert. denied, 484 U.S. 896 (1987)). Thus, we hold that the Board's conclusion is "justified by a fair estimate of the worth of the testimony of witnesses," Universal Camera Corp. v. NLRB, 340 U.S. at 466, and by reasonable inferences supported by substantial evidence. Accordingly, we AFFIRM the Board's ruling in this matter.
 
 
 
 [1]
 Allen's attorney also filed a wrongful termination suit in Michigan state court